UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW CORPUS,

    Petitioner,

v.                                         Case No.:  2:24-cv-812-SPC-NPM

SECRETARY, DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES, ALANE C. LABODA
and JEANINE L. COHEN,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Andrew Corpus's Petition for Writ of Habeas Corpus. (Doc. 1). Corpus was convicted of attempted sexual battery and two counts of lewd and lascivious assault in 1999. After serving his prison sentence, Corpus was involuntarily committed to the Florida Civil Commitment Center. He argues his civil commitment is an illegal extension of his sentence. Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of the petition. Because it plainly appears from the petition, attachments, and state court records that Corpus is not entitled to relief, the Court dismisses the petition.

The Antiterrorism Effective Death Penalty Act precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a

petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Corpus sought collateral relief in state court by filing a Petition for Writ of Habeas Corpus in the 20th Judicial Circuit Court in and for Lee County, Florida—it was assigned Case No. 24-CA-5450. According to the state court's docket, Florida Circuit Court Judge Kyle Cohen denied the petition on August 5, 2024. Corpus did not appeal. Because Corpus has not exhausted the means of relief available to him under Florida law, his federal habeas petition is premature. The Court will dismiss it without prejudice. Corpus may file a new petition only after presenting his arguments to Florida's highest court in accordance with Florida rules.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Corpus is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

2

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Corpus must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Corpus has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Andrew Corpus's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Corpus is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on September 25, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:     FTMP-1
Copies: All Parties of Record